THOMPSON, Presiding Judge,
concurring in part and dissenting in part.
I concur with that part of the main opinion that overrules Scott v. Scott, 38 So.3d 79 (Ala.Civ.App.2009), and Sanders v. Burgard, 715 So.2d 808 (Ala.Civ.App.1998); however, I cannot agree to hold the trial court in error for finding James Michael Henderson in contempt for his failure to pay alimony under the facts of this case.
In Scott, this court clearly rejected conduct like Henderson’s, writing:
*640 “[W]e cannot endorse the former husband’s'unilateral decision to place his monthly periodic-alimony payments into escrow. Such action has the potential to cause a financial hardship on a spouse receiving alimony. When a pay- or spouse files a petition to modify an award of periodic alimony based on § 30-2-55, [Ala.Code 1975,] we believe the better procedure is for the payor spouse to file a motion, in conjunction with or subsequent to filing the petition to modify, requesting that the trial court conduct an expedited pendente lite hearing to determine whether the payor spouse may place periodic-alimony payments into escrow.”
38 So.3d at 86-87 (emphasis added). Henderson ignored the procedure set forth in Scott and unilaterally placed his monthly alimony payments in an escrow account without seeking the permission of the trial court.
“ ‘[Ajbsent an abuse of discretion, or unless the judgment of the trial court is unsupported by the evidence so as to be plainly or palpably wrong, the determination of whether a party is in contempt is within the sound discretion of the trial court.’ Shonkwiler v. Kriska, 780 So.2d 703, 706 (Ala.Civ.App.2000).” Preston v. Saab, 43 So.3d 595, 599 (Ala.Civ.App.2010). The undisputed evidence in this case indicates that Henderson wilfully disobeyed the trial court’s judgment to pay Mogren alimony each month and, further, that Henderson failed to follow the procedure set forth in Scott to challenge his obligation to make further alimony payments. I believe that the facts in this case support the trial court’s determination that Henderson was in contempt for his failure to pay alimony. Accordingly, I respectfully dissent from that portion of the main opinion reversing the trial court’s judgment holding Henderson in contempt for his failure to pay alimony.
I concur with the remainder of the opinion.